## STATE ex BERRY v BOARD OF EDUCATION

Ohio Appeals, 4th Dist, Adams Co

Decided Jan 6, 1932

Messrs. Young and Barnes, Georgetown, for plaintiff in error.

Mr. B. F. Kimble, Portsmouth, for defendants in error.

BLOSSER, J.

The court had jurisdiction of the subjectmatter of the action and so far as the record discloses it had jurisdiction of the person of the defendants, so that the third branch of the demurrer should have been overruled.

The amended petition has attached to it as an exhibit some thirty pages of the record of the board of education with reference to the bond issue. The prayer of the amended petition is that the clerk be required to keep a correct and complete record of the proceedings of the board, but the petition does not state in what paticulars the minutes are incorrect or incomplete, or what would be necessary to make the record complete and correct. The pleading does not state facts sufficient to state a cause of action against the clerk.

The amended petition attempts to state that the board of education, after passing the necessary legislation for the erection of the school houses and having the approval of the voters of the district authorizing the bond issue, rescinded its action with reference to the building of the school houses and that this action in rescinding its former action was fraudulent. Most of the allegations of the pleading with reference to fraud are conclusions and not statements of fact. The latter part of the pleading states that the conclusions of the board with reference to its rescission

"are not true and that they were known by the members of said board to be untrue when said resolution was adopted, and the same was faudulent and enacted for a corrupt and fraudulent purpose on the part of a majority of the defendants for the purpose of pleasing certain persons whose interests the members of said board of education know are political and not educational."

It is urged that these allegations set forth such facts as would warrant a court in issuing a writ of mandamus.

A wide discretion is lodged in a board of education with reference to the control of the schools of its district. **Section 6720 GC** provides:

"A board of education of a district may build, enlarge, repair and furnish the necessary school houses, purchase or lease sites therefor, or rights of way thereto *** and provide the necessary apparatus and make all other necessary provisions for the schools under its control *** ".

The case of **Brannon et al v. Board of Education, 99 Oh St 369**, holds:

"A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine."

The case of **State ex rel v. Board of Education, 104 Oh St 360**, decides:

"1. Mandamus is a writ commanding a public board or official to perform an act which the law specially enjoins as a duty resulting form an office, trust or station, and will issue only when it is clearly shown that there is a plain dereliction of such duty.

2. Boards of education are by the provisions of §7625 GC vested with authority to determine the needs of school districts for the proper accommodation of the schools, and the approval by the electors at an election called for that purpose of a bond issue to raise funds for the erection of a school house does not withdraw from the board the discretion and authority conferred upon it by law, nor require the board to proceed with the erection of a particular school building."

The defendant board of education had the legal right to change its mind with reference to the needs of the district with reference to the building of school houses. No facts are stated in the amended petition as would be sufficient to overcome the presumption of regularity on the part of the board. The court can not substitute its judgment for that of the board of education. Neither can it require the board of education to proceed with the erection of the school houses mentioned after the board has determined that it would not be for the best interests of the school district to do so. The law does not specially enjoin upon the board of education the duty to "erect said school houses on said lots or tracts of ground designated in its findings of March 15, 1930, or some site at Bentonville and Bradyville". The board of education in its discretion can select some other site or sites, or can do as it has decided in this case not to build at all, if it determines that it is for the best interest of the district

and not necessary to do so. We think the board acted within the authority vested in it by §7620 GC and that the court is without authority to control that discretion. It would be a vain thing to attempt to do so for there is nothing to prevent the board from taking any necessary action which it believes is for the best interests of the schools of the district.

In the case of **State ex rel v. Board of Education, 11 Oh Ap 146,** it is held:

"1. **Section 7620 GC** vests in boards of education the power to select school sites; and in the absence of abuse of discretion, fraud or collusion the exercise of such power will not be interfered with by a reviewing court.

2. The recital in a resolution of a board of education of a rural school district that a certain village was the most suitable locality for a school site, and the representations made by such board at the time a bond issue was submitted to the electors, can not limit the power of such board to later exercise its discretion and change the location of the site to meet the then needs of the school district."

While it was not urged in the court below as one of the gounds of demurrer, yet it is probable that the several causes of action in the amended petition are improperly joined and that the separate causes of action against the several defendants were improperly joined. It is true that the acts complained of against the defendants are closely related but different relief is asked against each of them. However, as this question is not raised it is not necessary to a decision in this case.

For the reasons stated and upon the authorities cited we are of the opinion that the court did not err in sustaining the demurrer and the judgment is affirmed.

Judgment affirmed.

MAUCK, PJ and MIDDLETON, J, concur.